WILLIAM K. HARRINGTON  
United States Trustee for Region 2  
Alexander Hamilton Custom House  
One Bowling Green, Room 534  
New York, NY 10004-1408  
Telephone: (212) 510–0500  
By:    Tara Tiantian  
        Trial Attorney

Hearing Date: April 20, 2023 at 10 a.m.  
Objection Due: April 13, 2023 at 4 p.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-------------------------------------------------------x

In re

Marcia Campbell,

                Debtor.

-------------------------------------------------------x

Case No. 22-11414 (JPM)

Chapter 11

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that upon this Notice of Motion and the accompanying memorandum of law, William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), will move this Court before the Honorable John P. Mastando III, Bankruptcy Judge, in the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 on **April 20, 2023 at 10:00 A.M.**, for an order dismissing this case with prejudice and granting other and further relief as this Court may deem just and proper. In accordance with General Order M-543 dated March 20, 2020, the hearing will be conducted remotely using Zoom for both telephonic and video appearances. Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance through

the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl no later than 4:00 p.m. (prevailing Eastern Time), one business day prior to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the motion should be filed with the Court and served on the United States Trustee, at One Bowling Green, Room 534, to the attention of Tara Tiantian, Esq. (tara.tiantian@usdoj.gov), no later than **April 13, 2023 at 4 P.M**. Such papers shall conform to the Federal Rules of Civil Procedure and identify the party on whose behalf the papers are submitted, the nature of the response, and the basis for such response.

Dated: New York, New York
March 20, 2023

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: /s/ *Tara Tiantian*
Tara Tiantian
Trial Attorney
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408
Telephone: (212) 510–0500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
                                           :

In re                                           :        Case No. 22-11414 (JPM)
                                           :
MARCIA CAMPBELL,             :        Chapter 7
                      Debtor.   :
                                           :
---------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF UNITED STATES TRUSTEE TO DISMISS THIS CHAPTER 7 CASE AND BAR THE DEBTOR FROM REFILING FOR EIGHTEEN MONTHS**

      William K. Harrington, the United States Trustee for Region 2, hereby respectfully moves the Court to enter an order dismissing this Chapter 7 case and bar the Debtor from future filing for eighteen months. In support of this Motion, the United States Trustee represents as follows:

**PRELIMINARY STATEMENT**

      The Debtor filed the current bankruptcy case on the eve of the state court's hearing for show cause on her non-compliance with collection subpoenas for a debt that was found non-dischargeable by this Court in her last bankruptcy case. Five months have passed since the petition, but she has failed to file schedules and statements, failed to attend one 341 meeting of creditors, and appeared at two subsequent 341 meetings without having schedules/statements on file, which caused the trustee still to this day unable to examine her under oath and to administer the case. The Debtor was found by the state court and this Court to have committed fraud, misappropriated of funds, and breached fiduciary duty, which resulted in her main debt being non-dischargeable. To make matters worse, the funds she misappropriated were (in whole or in part) the compensation for a victim who was wrongfully incarcerated for 25 years. In addition,

1

she was denied a discharge in her most recent case for knowingly and intentionally making a false account under oath. Further, the Debtor is a repeat filer with the current case being her fourth case in less than ten years – she has never received a discharge in her three other cases. The non-action and delay warrant a dismissal of the current case, and the totality of circumstances of the case and the Debtor's history with this Court warrant a ban on future filings for at least eighteen months.

## FACTUAL BACKGROUND

**1. The Debtor Failed to File Schedules/Statements Nearly Five Months After Petition, Causing the Trustee Unable to Conduct 341 Meeting and Delaying the Administration of Case.**

1. The Debtor filed a Chapter 7 petition on October 27, 2022. ECF No. 1.

2. Alan Nisselson, Esq. (the "Trustee") was appointed as the trustee in this case. *See* docket entry on October 27, 2022.

3. To date, nearly five months have passed since the filing of petition, the Debtor has not filed schedules or the statement of financial affairs. *See* docket.

4. The Debtor failed to attend the section 341 meeting of creditors (the "341 meeting") scheduled for November 17, 2022. *See* ECF No. 4 and No. 10.

5. On November 17, 2022, the U.S. Trustee filed a motion to dismiss the case under section 707(a), or alternatively direct the Debtor to appear at the meeting of creditors (the "First Motion to Dismiss") ECF No. 10. After the hearing held on January 10, 2023, the Court directed the Debtor to appear at the 341 scheduled for February 16, 2023. ECF No. 17.

6. While the Debtor did appear the 341 meeting on February 16, 2023, the trustee was unable to examine her because her failure to file schedules and statements. The 341 was rescheduled for March 16, 2023. ECF No. 24.

7.  On March 16, 2023, the Debtor appeared at the 341 meeting; however, since no schedules/statements had been filed, the trustee could not examine her, and 341 meeting was further adjourned. ECF No. 27

8.  On March 14, 2023, the U.S. Trustee withdrew his First Motion to Dismiss. ECF No. 26.

9.  The Debtor listed on the petition her address as 3939 White Plains Road Bronx, NY 10466. However, the house located at that address (the "White Plains Property") appears to have been sold in a previous case filed in 2017, case no. 17-13518 (the "2017 Case"). Specifically, in the 207 Case, the Court entered an order approving such sale, *see* 17-13518 ECF Nos. 90; 97, and the trustee appeared to have completed the sale and received proceeds in the amount of $1,1050,000, *id.* ECF No. 214 at 3.

10. The Debtor listed on the creditor matrix a debt owed to DVM Second Chance LLC and Sylvester Derrick Deacon (the "Deacon/DVM Debt"), along with four other debts: three appear to be credit card debts, one appears to be an individual creditor. *See* ECF No. 1 at 10.

**2. The Debtor Was Denied Discharge in Her Last Case in 2017 and Her Main Debt (the Deacon/DVM debt) Was Found to Be Non-Dischargeable**

11. The Debtor's 2017 Case was filed under Chapter 13 case on December 8, 2017 (Case No. 17-13518); that case was later converted to Chapter 7.

12. In the 2017 Case, the Debtor failed to disclose her interest in DVM Second Chance LLC on her schedules and the statement of financial affairs. *See* 17-13518 ECF Nos, 22, 41. Judge Morris found her knowingly and fraudulently made a false account and denied her discharge under section 727. *See* AP 18-01542 ECF No. 17.

13. In the 2017 case, Creditor Sylvester Derrick Deacon derivatively on behalf of DVM Second Chance LLC ("Deacon/DVM") commenced an adversary proceeding seeking the Court's determination that (i) the debt owing to Deacon/DVM arising from a state-court fraud action is non-dischargeable under section 523, and (ii) the Debtor will not receive a discharge in the bankruptcy case under section 727 (the "Deacon/DVM's AP"). *See* AP 18-01542 ECF Nos. 1; 3.

14. According to the Deacon/DVM's AP, "Sylvester Derrick Deacon spent almost 25 years in prison for a murder that he did not commit. After his exoneration, he secured a sizable award to compensate him, at least in part, for this horrible injustice. Deacon is from Jamaica, and after his release, he sought to reconnect with a familiar community. Unfortunately, Campbell, who is also Jamaican, used this trust to steal from Deacon repeatedly, by looting the money he invested in DVM." *Id*. ¶ 2.

15. The Debtor failed to answer the complaint in the Deacon/DVM's AP, and Judge Morris granted Deacon/DVM's motion for default judgment on September 12, 2018. *See* AP 18-01542, ECF No. 17.

16. Specifically, in the order granting default judgment, Judge Morris found and determined the following,

(i) The Debtor obtained money through false pretenses, a false representation, or actual fraud, under 11 U.S.C. § 523(a)(2), resulting in a debt being litigated in *Deacon, et al. v. Campbell,* 28498/2016E in Supreme Court, County of The Bronx (the "Fraud Action");

(ii) Defendant committed a fraud or embezzlement while acting as a fiduciary under 11 U.S.C. § 523(a)(4), resulting in a debt being litigated in the Fraud Action;

(iii) Defendant knowingly made a false account under 11 U.S.C. § 727(a)(4) during these bankruptcy proceedings, related to the Fraud Action.

*See id.*

17. Based on the foregoing, Judge Morris ordered (i) Deacon/DVM's debt is not dischargeable under § 523(a)(2) and (a)(4) and (ii) the Debtor was denied a discharge in the bankruptcy case under § 727. *See id.*

### 3. The Debtor Attempted to Thwart Deacon/DVM's Collection Effort on the Non-Dischargeable Debt by Filing the Current Case

18. On October 5, 2018, Deacon/DVM filed a motion to lift the automatic stay to allow him to continue to pursue the Fraud Action in state court. *See* 17-13518 ECF No. 100. The Court granted that motion on December 11, 2018. *Id.* ECF No. 109.

19. Deacon/DVM won the summary judgment in the Fraud Action in state court on August 16, 2019. *See* state court 28498/2016E, Dkt. no. 157 (finding the Debtor breached her fiduciary duty to DVM, misappropriated corporate assets for personal use, and caused damage to DVM in the amount of $232,660.38, and directing county clerk to enter judgment against the debtor in the amount of $232,660.38 with execution thereon).

20. Deacon/DVM obtained a money judgment against the Debtor in the amount of $232,660.38 on June 11, 2021. *See id.* dkt. no. 172 (judgment entered by county clerk against the Debtor in the amount of $232,660.38).

21. On September 29, 2022, Deacon/DVM filed an order to show cause and affidavits in state court, which shows that the Debtor had been thwarting the collection process by failing to respond to information subpoenas, attend depositions, and comply with in income execution by city marshal. *Id.* dkt. nos. 173-184.

22. As a result of the foregoing, the state court entered an order to show cause with a hearing scheduled for October 28, 2022. *Id.* dkt no. 185.

23. The Debtor filed for current bankruptcy case on October 27, 2022.

### 4. The Debtor is a Repeat Filer Who Has Never Received a Discharge

24. Prior to the current case and the 2017 case, the Debtor filed a Chapter 13 case on December 8, 2013, Case No. 13-40003. The Debtor appeared to attempt to restructure a home mortgage or complete a sale for the White Plains Property. That case lingered in bankruptcy court for nearly three years until it was dismissed on August 10, 2016, after the Debtor failed to meet her obligations in a so-ordered stipulation with the secured lenders. Case no. 13-40003 ECF Nos. 123, 132.

25. In addition, the Debtor filed a Chapter 13 case on September 25, 2016. Case No. 16-23299. In that case, the Debtor failed to file schedules or statement of financial affairs. Two and half months later, the Debtor voluntarily dismissed the case. Case no.16-23299 ECF No. 11.

## ARGUMENT

Section 707(a) of the Bankruptcy Code provides that the court may dismiss a case under this chapter, only after notice and a hearing and only for cause, including,

(1) unreasonable delay by the debtor that is prejudicial to creditors;
(2) nonpayment of any fees or charges required under chapter 123 of title 28; and
(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee.

11 U.S.C. § 707(a).

### 1. Cause Exists Under Section 707(a)(1) and (a)(3) to Dismiss the Case[1]

Since the Debtor failed to file schedules and statements within fifteen days after petition and the court has not granted any extension, the case should be dismissed under section 707(a)(3). Additionally, with respect to section 707(a)(1), "the dismissal for unreasonable delay by the debtor to the prejudice of creditors prevents the debtor from filing a petition to take

---

[1] Upon the same factual basis, the failure to file schedules and statement, the Debtor case is subject to automatic dismissal pursuant to section 521(i).

advantage of the protection of the bankruptcy court and subsequently failing to appear or file necessary schedules, or otherwise failing to take any necessary steps for the proper administration of the estate." 6 Collier on Bankruptcy P 707.03 (16th 2022). The Debtor here did precisely what section 707(a)(1) was enacted to prevent: she missed 341 meeting and appeared twice without filing schedules/statement, which resulted in multiple reschedulings and delays. Still to this day, nearly five months after petition, the Trustee and creditors have no full picture of the Debtor's financial conditions, the landscape of claims, and she has not been examined under oath.

### 2. The Debtor's Current Filing Lacks Good Faith and Serves No Legitimate Bankruptcy Purpose, and thus Warrant a Ban on Future Filings

The causes listed in 707(a) are merely illustrative and not exhaustive and the court may dismiss the case on other grounds when cause is found to exist. 6 Collier on Bankruptcy P 707.03 (16th 2022); *In re Dinova*, 212 B.R. 437, 442 (B.A.P. 2d Cir. 1997). A court has substantial discretion in determining a motion to dismiss under Section 707(a). *In re Smith,* 507 F.3d 64 (2d Cir.2007). "While this list does not include bad faith, courts in the Second Circuit regularly treat bad faith, or a lack of good faith, as cause for dismissal under § 707(a)." *In re Gutierrez,* 528 B.R. 1, 13 (Bankr. D. Vt. 2014) (citing *In re Aiello,* 428 B.R. 296, 301–02 (Bankr.E.D.N.Y.2010) and collecting authorities). In determining whether there is a lack of good faith in a debtor's bankruptcy filing, an inquiry into the totality of the circumstances must be conducted. *In re Lombardo*, 370 B.R. 506, 511 (Bankr. E.D.N.Y. 2007).

In considering whether to dismiss a case based upon bad faith under § 707(a), courts in the Second Circuit have considered fourteen factors:

(1) the debtor's manipulations having the effect of frustrating one particular creditor;
(2) the absence of an attempt to pay creditors;

(3) the debtor's failure to make significant lifestyle changes;

(4) the debtor has sufficient resources to pay substantial portion of debts;

(5) the debtor inflates expenses to disguise financial well-being;

(6) the debtor is overutilizing protections of the Bankruptcy Code to the conscious detriment of creditors;

(7) the debtor reduced his creditors to a single creditor in the months prior to the filing of the petition;

(8) the debtor filed in response to a judgment, pending litigation or collection action; there is an intent to avoid a large single debt;

(9) the unfairness of the use of Chapter 7;

(10) the debtor transferred assets;

(11) the debtor is paying debts to insiders;

(12) the debtor failed to make candid and full disclosure;

(13) the debts are modest in relation to assets and income; and

(14) there are multiple bankruptcy filings or other procedural "gymnastics."

See In re Gutierrez, 528 B.R. at 14; *In re Lombardo*, 370 B.R. at 512; *In re O'Brien*, 328 B.R. 669, 675 (Bankr. W.D.N.Y. 2005); *In re Blumenberg*, 263 B.R. 704, 715 (Bankr. E.D.N.Y. 2001). Not all fourteen factors must be present; a combination of several factors may suffice. *In re Lombardo,* 370 B.R. at 512.

Here, the U.S. Trustee submits that at least the following factors are present and the combination of them suffice to find a lack of good faith.

(1) the debtor's manipulations having the effect of frustrating one particular creditor;
(6) the debtor is overutilizing protections of the Bankruptcy Code to the conscious detriment of creditors;
(8) the debtor filed in response to a judgment, pending litigation or collection action; there is an intent to avoid a large single debt;
(12) the debtor failed to make candid and full disclosure.

The current filing is apparently an effort to frustrate one particular creditor, Deacon/DVM, by thwarting its collection of the non-dischargeable debt as the case was filed one day before state court's hearing on the order to show cause on why the Debtor failed to comply

with collection subpoenas. The current case serves no legitimate bankruptcy purpose except delaying Deacon/DVM's recovery. That is because there is nothing the Debtor can do with respect to the Deacon/DVM debt in the current case. "Res judicata principles apply in bankruptcy so that once a debt is 'excepted from discharge' in a judgment that meets the requirements for preclusion, it is, except for the eight exceptions named in § 523(b), 'excepted from discharge' in all subsequent chapter 7 cases without the need for an independent basis for excepting the debt from discharge in the later case." *In re Paine*, 283 B.R. 33, 37 (B.A.P. 9th Cir. 2002). "In other words, once nondischargeable, always nondischargeable." *Id.* "Res judicata will bar a debtor from discharging debts held to be nondischargeable in a prior case." *In re Piccard,* No. 18-22427-DOB, 2021 WL 1134793, at *4 (Bankr. E.D. Mich. Mar. 24, 2021).

The Deacon/DVM debt was found non-dischargeable by Judge Morris in the 2017 Case, on the grounds of section 523(a)(2) and (a)(4) and not within the exceptions under 523(b); thus, it is non-dischargeable in the current case. The Debtor listed on the matrix Deacon/DMV along with other three other creditors with no amount listed. The Debtor's non-action and failure to make any disclosure for five months is to the conscious detriment of the creditors and uncontroverted evidence of the failure of making candid and full disclosure. The Debtor cannot claim she does not know how bankruptcy works as this is her fourth bankruptcy case since 2013, and the Debtor is sophisticated having run multiple businesses.[2]

Prior to the current case, the Debtor filed three bankruptcy cases, did not receive one discharge and was denied discharge once for making false account under oath. The Debtor has no regard for her duties as a debtor – having repeatedly failed to provide adequate and honest

---

[2] According to the City Marshal's affidavit filed in state court, the Debtor runs Extreme Realty Associates Inc. *See* Bronx Supreme Court, 28498/2016E dkt. no. 184.

disclosure. At the same time, she apparently knows how to strategically utilize the bankruptcy system to achieve her own purpose and frustrate others'.

Besides the delay, prejudice to creditors, and total disregard for debtor's duties, the Debtor's behavior is frankly unconscionable. She was found by both state court and this Court to have defrauded Deacon and misappropriated Deacon's investment funds, which were the compensation for Deacon's 25 years spent in prison for a wrongful conviction. In law and in equity, the Debtor's case must be dismissed, and some form of penalty must be imposed.

### 3. The Debtor's Conduct Warrants Dismissal with Prejudice

The U.S. Trustee respectfully asks the Court to dismiss the case and impose an eighteen-month ban on future filing to at least allow Deacon/DVM to complete the collection. Bankruptcy court had statutory authority to enter an order dismissing a bankruptcy case for cause and barring subsequent bankruptcy filing by debtor, and the duration of the ban could go beyond six months. *In re Casse*, 198 F.3d 327 (2d Cir. 1999).

In *In re D&G Constr. Dean Gonzalez, LLC*, 635 B.R. 232, 240 (Bankr. E.D.N.Y. 2021), Judge Trust imposed a three-year ban on the debtor who filed four bankruptcy cases every time shortly before the foreclosure sale and "used bankruptcy merely as a platform to delay the lawful exercise of state law rights and attack final orders of other courts." In *In re Tornheim,* 239 B.R. 677 (Bankr. E.D.N.Y. 1999), Judge Feller imposed a two-year ban on the debtor where the debtor filed the bankruptcy case after losing the foreclosure action in state court, and in bankruptcy, filed multiple unconfirmable plans and refused to submit documents showing regular income. Judge Feller remarked "utilizing the automatic stay to stave off foreclosure without a concomitant attempt to repay debt is an untenable abuse of the Bankruptcy Code which

this Court will not countenance." *Id.* at 680.  In *In re Montalvo,* 416 B.R. 381, 389 (Bankr. E.D.N.Y. 2009), Judge Trust imposed a one-year ban upon finding "[the debtor's] conduct in this and her prior two cases amounts to part of a scheme to delay, hinder, and defraud HSBC [mortgage lender]."

The U.S. Trustee respectfully submits that an eighteen-month ban on future filing is appropriate and serves a practical purpose. As a point of reference, the state court entered the money judgment against the Debtor in June 2021 and the Deacon/DVM filed the order to show cause in September 2022. In other words, fifteen months had passed, there was virtually no progress in the collection because of the Debtor's noncompliance. If this case is dismissed without such prejudice, the Debtor more likely than not will refile in bankruptcy shortly thereafter.

## **CONCLUSION**

WHEREFORE, the United States Trustee respectfully requests the Court dismiss this case with prejudice and bar the Debtor from future filings for a period of eighteen months and grant other reliefs as just and proper.

Dated: New York, New York
       March 20, 2023

                                                WILLIAM K. HARRINGTON
                                                UNITED STATES TRUSTEE, REGION 2

                       By:    /s/ *Tara Tiantian*
                             Tara Tiantian
                             Trial Attorney
                             Alexander Hamilton Custom House
                             One Bowling Green, Room 534
                             New York, NY 10004-1408

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHAN DISTRICT OF NEW YORK

---------------------------------------------------------x
                                                         :
In re                                                    : Case No. 22-11414 (JPM)
                                                         :
MARCIA CAMPBELL,                                         : Chapter 7
                        Debtor.                          :
                                                         :
---------------------------------------------------------x

# ORDER DISMISSING CHAPTER 7 CASE WITH AN EIGHTEEN-MONTH BAN ON FILINGS OF FUTURE BANKRUPTCY CASES

Upon the motion (the "Motion") of William K. Harrington, the United States Trustee, dated March 20, 2023 (ECF No. __), for an order dismissing this case with prejudice for cause; and there being due and sufficient notice of the Motion; and the Court having held a hearing on April 20, 2023; and upon entire record of this case, after due deliberation, the Court having found that the movant has established sufficient cause for the dismissal of this case; and the Court having further found that cause exists to impose an eighteen-month bar on the Debtor to future filings of bankruptcy cases; it is hereby

ORDERED, that this case is dismissed; and it is further

ORDERED, that the Debtor, Marcia Campbell, is prohibited from filing a bankruptcy petition in this district for eighteen months from the date of entry of this Order.

Dated: New York, New York
       _____, 2023

                                                    _____
                                                    HONORABLE JOHN P. MASTANDO III
                                                    UNITED STATES BANKRUPTCY JUDGE