UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 7 |
| MARCIA CAMPBELL, | Case No. 22-11414 (JPM) |
| | **NOT FOR PUBLICATION** |
| Debtor. | |

**MEMORANDUM OPINION GRANTING UNITED STATES
TRUSTEE'S MOTION TO DISMISS AND BAR REFILING**

*A P P E A R A N C E S:*

MARCIA CAMPBELL
*Debtor pro se*
3939 White Plains Road
Bronx, NY 10466

WILLIAM K HARRINGTON
*United States Trustee for Region 2*
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408
Telephone: (212) 510–0500
By: Tara Tiantian, Esq.

THE SCHUTZER GROUP, PLLC
*Counsel for Sylvester Derrick Deacon individually and derivatively on behalf of DVM Second Chance LLC*
330 Seventh Avenue, 19th Floor
New York, New York 10001
Telephone: (212) 714-0700
By: Eric P. Schutzer, Esq.

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

## I.    INTRODUCTION[1]

Pending before the Court is the motion (the "**Second Motion to Dismiss**," Docket No. 28) of William K. Harrington, United States Trustee (the "**U.S. Trustee**"), requesting an order (i) dismissing this bankruptcy case and (ii) barring Debtor Marcia Campbell (the "**Debtor**") from refiling for bankruptcy for a period of 18 months. The Second Motion to Dismiss is supported by a declaration of Tara Tiantian (the "**Tiantian Declaration**," Docket No. 34). The Debtor filed an objection (the "**Objection**," Docket No. 36) to the Second Motion to Dismiss. The U.S. Trustee filed a reply to the Objection (the "**UST Reply**," Docket No. 37). Creditor Sylvester Derrick Deacon ("**Deacon/DVM**") individually and derivatively on behalf of DVM Second Chance LLC joined the Second Motion to Dismiss (the "**Deacon/DVM Joinder**," Docket No. 33) and filed a reply (the "**Deacon/DVM Reply**," Docket No. 36) in support of the Second Motion to Dismiss. The Court held a hearing on the Second Motion to Dismiss on April 20, 2023 (the "**Hearing**"). The Court has reviewed: (i) the Second Motion to Dismiss; (ii) Tiantian Declaration; (iii) the Objection; (iv) the UST Reply; (v) the Deacon/DVM Reply; (vi) the arguments of the parties at the Hearing; and (vii) all other relevant material in the record. For the reasons set forth herein, the Court finds that (i) cause exists to dismiss the case under Section 707(a) of the Bankruptcy Code; and (ii) cause exists to dismiss the case with prejudice to the Debtor's ability to refile for a period of 18 months. Accordingly, the Court **GRANTS** the Second Motion to Dismiss.

---

[1] References to "Docket No. __" are to filings entered on the docket in *In re Marcia Campbell*, No. 22-11414. References to "Section __ of the Bankruptcy Code" are to Title 11 of the United States Code.  References to "Bankruptcy Rule __" are to the Federal Rules of Bankruptcy Procedure.

## II.    JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and

(b)(1) and the Amended Standing Order of Reference dated January 31, 2012 (Preska, C.J.). This

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## III.    BACKGROUND

The Debtor filed a chapter 7 bankruptcy petition on October 27, 2022 (the "**Petition**

**Date**"), without schedules or a statement of financial affairs. (*See* Docket No. 1.) A deficiency

notice was entered (Docket No. 3), and Alan Nisselson was appointed as the Chapter 7 Trustee

(the "**Chapter 7 Trustee**").

The Debtor has previously filed for bankruptcy four times: Case No. 13-23990; Case No.

13-40003; Case No. 16-23299; and Case No. 17-13518. In a non-dischargeability proceeding

arising from Case No. 17-13518 (the "**2017 Case**"), Judge Morris entered an order denying

discharge to the Debtor under Section 727 of the Bankruptcy Code. (Case No. 18-01542, Docket

No. 17.) This order also denied discharge under Section 523(a)(2) and (a)(4) of the Bankruptcy

Code of any debt owing to Deacon/DVM from a then-ongoing state-court fraud action. (*Id.*)

Deacon/DVM eventually obtained a money judgment against the Debtor in the amount of

$232,660.38 (the "**Deacon/DVM Debt**"). (Second Motion to Dismiss ¶¶ 19-20.) Deacon/DVM

attempted to collect on the Deacon/DVM Debt and filed an order to show cause in state court

that was scheduled to be heard on October 28, 2022—the day before which, the Debtor filed this

case. (*Id.* ¶¶ 21-23.)

In this case, a meeting of creditors under Section 341 of the Bankruptcy Code (the "**341**

**Meeting**") was initially scheduled for November 17, 2022. (Docket No. 4.) The Debtor failed to

attend this 341 Meeting, and the U.S. Trustee made a motion to either dismiss the case or

alternatively direct the Debtor to appear at the 341 Meeting (the "**First Motion to Dismiss**,"

Docket No. 10). After a hearing on the First Motion to Dismiss, held on January 10, 2023, the

Court directed the Debtor to appear at a 341 Meeting scheduled for February 16, 2023. (Docket

No. 18.) The Debtor appeared at the 341 Meeting on February 16, 2023, but the Chapter 7

Trustee was unable to examine the Debtor because she had not filed schedules or a statement of

financial affairs. (Second Motion to Dismiss ¶ 6.) The 341 Meeting was rescheduled for March

16, 2023. (Docket No. 24.) On March 14, 2023, the U.S. Trustee withdrew the First Motion to

Dismiss. (Docket No. 26.) The Debtor appeared at the 341 Meeting on March 16, 2023, but

again, since no schedules or statement of financial affairs had been filed, the Chapter 7 Trustee

could not examine the Debtor and the 341 Meeting was further adjourned to April 13, 2023.

(Second Motion to Dismiss ¶ 7.)

On March 20, 2023, the U.S. Trustee filed the Second Motion to Dismiss. In the Second

Motion to Dismiss, the U.S. Trustee argues that (i) cause exists to dismiss the case under Section

707(a) of the Bankruptcy Code (Second Motion to Dismiss at 6-7); and (ii) cause exists to bar

the Debtor from re-filing for bankruptcy for a period of 18 months. (*Id.* at 10-11.)

The Debtor filed certain (but not all) schedules on April 3, 2023. (Docket No. 30.) The

Debtor filed the remaining schedule and the statement of financial affairs on April 11, 2023.

(Docket No. 31.) In these schedules, the Debtor discloses approximately $6000 of unsecured

consumer debts. (Docket No. 30.) A 341 Meeting was held on April 13, 2023. (Docket No. 27.)

On April 14, 2023, Deacon/DVM joined in the Second Motion to Dismiss, arguing that

this bankruptcy was filed in bad faith because the Debtor's intention is to discharge a debt owed

to Deacon/DVM that was previously declared non-dischargeable. (Deacon/DVM Joinder.)

On April 18, 2023, the U.S. Trustee filed the Tiantian Declaration, which contains

declarations of additional facts arising after the Second Motion to Dismiss was filed. Among

other things, the Tiantian Declaration states that there are defects in the Debtor's schedules that would prevent creditors from receiving notices (Tiantian Declaration ¶¶ 8-9) and that the creditors listed in the Debtor's schedules are different from those on her petition (*id.* ¶ 10).

On April 20, 2023, the Court held the Hearing. While the Debtor had not filed a formal objection to the Second Motion to Dismiss, the Debtor appeared at the Hearing and stated that she was unaware that she needed to file a written objection. The Court granted the Debtor an opportunity to file a written response to the extent she opposed the Second Motion to Dismiss. (UST Reply ¶ 2.) On April 27, 2023, the Debtor filed the Objection, in which she argues that the debt owed to Deacon/DVM was the result of ineffective counsel and false testimony, that she had ineffective counsel in her previous bankruptcy filings, that she is entitled to a bankruptcy discharge, and that this bankruptcy was not filed in bad faith. (Objection at 1-2.)

On May 3, 2023, the U.S. Trustee filed the UST Reply. In the UST Reply, the U.S. Trustee argues that the relief requested in the Second Motion to Dismiss is appropriate because (i) the Debtor's delays and omissions in the schedules indicate that she is not seriously pursuing a discharge of debts (UST Reply ¶¶ 5-10); (ii) the Debtor's schedules contain false, contradictory information (*id.* ¶¶ 11-15); (iii) the Debtor is experienced in bankruptcy matters (*id.* ¶¶ 16-21); (iv) the Debtor has a history of vexatious litigation (*id.* ¶¶ 22-27); and (v) the Debtor is likely to refile for bankruptcy after dismissal and an 18-month ban is not excessive considering her actions (*id.* ¶¶ 28-31).

On May 4, 2023, Deacon/DVM filed the Deacon/DVM Reply. In the Deacon/DVM Reply, Deacon/DVM argues that the Debtor's conduct warrants a bar on refiling longer than the 18 months requested by the U.S. Trustee. (Deacon/DVM Reply ¶ 2.)

## IV.    LEGAL STANDARD AND DISCUSSION

### A.    Cause Exists to Dismiss this Bankruptcy Case

The Court must first determine whether the case should be dismissed. Section 707(a) of

the Bankruptcy Code provides that the court may dismiss a chapter 7 bankruptcy case "for

cause." Section 707(a) of the Bankruptcy Code gives three examples of cause sufficient to

warrant dismissal:

(1)    unreasonable delay by the debtor that is prejudicial to creditors;
(2)    nonpayment of any fees or charges required under chapter 123 of title 28; and
(3)    failure of the debtor in a voluntary case to file, within fifteen days or such
additional time as the court may allow after the filing of the petition commencing such case, the
information required by paragraph (1) of section 521(a), but only on a motion by the United
States trustee.

These three examples are "not exhaustive, but merely illustrative." *In re Aiello*, 428 B.R. 296,

299 (Bankr. E.D.N.Y. 2010). "The determination of whether 'cause' exists under section 707(a)

is left to the sound discretion of the bankruptcy court." *In re Gaulden*, 522 BR 580, 588 (Bankr.

W.D. Mich. 2014). The party moving for dismissal under Section 707(a) of the Bankruptcy Code

bears the burden of proving cause by a preponderance of the evidence. *Aiello*, 428 B.R. at 299.

The U.S. Trustee argues that there are three grounds to dismiss for cause (two of which are

causes enumerated in Section 707(a) of the Bankruptcy Code): (i) unreasonable delay that is

prejudicial to creditors; (ii) the Debtor's failure to file schedules on time; and (iii) bad faith.

(Second Motion to Dismiss at 6-10.) Each purported cause will be addressed in turn.

### 1. Unreasonable Delay Causing Prejudice

The U.S. Trustee argues that cause to dismiss exists because the Debtor caused

unreasonable delay by missing the initial 341 Meeting and attending the two rescheduled 341

Meetings without having filed schedules or a statement of financial affairs (Second Motion to

6

Dismiss at 6). The U.S. Trustee also argues that the schedules that were eventually filed contained discrepancies and errors, delaying the case even more. (Tiantian Declaration ¶¶ 8-10.)

"[U]nreasonable delay by the debtor that is prejudicial to creditors" is one of the examples of "cause" provided in Section 707(a) of the Bankruptcy Code. *See* 11 U.S.C. § 707(a)(1). However, "[t]he Bankruptcy Code does not identify the precise type of conduct or behavior that would constitute 'unreasonable delay' thereby causing 'prejudice' to creditors." *Gaulden*, 522 BR at 589. The mere fact that creditors are stayed from collecting debts during the pendency of the case is not the kind of prejudice that constitutes cause to dismiss. *Aiello*, 428 B.R. at 299. Courts have found prejudicial delay where a debtor failed to timely file documents required by the Bankruptcy Code and other rules. *See, e.g.*, *In re Delone*, Case No. 06-11087, 2006 Bankr. LEXIS 3791, at *7-8, 2006 WL 3898390, at *2 (Bankr. E.D. Pa. May 31, 2006) (finding prejudicial delay where debtor failed to pay fees, obtain credit counseling, or attend 341 meetings); *Gaulden*, 522 B.R. at 590-91. A debtor's failure to amend schedules has also been found to cause prejudicial delay in certain circumstances. *In re Jakovljevic-Ostojic*, 517 B.R. 119, 130-31 (Bankr. N.D. Ill. 2014) (dismissing case where debtor amended schedules to disclose new creditors with material claims after the deadline to object to dischargeability).

The Court finds that the U.S. Trustee has sufficiently demonstrated by the preponderance of evidence that the Debtor caused unreasonable delay that is prejudicial to creditors. First, schedules were filed very late, causing delays in holding the 341 Meeting. Second, the schedules that were filed are inaccurate and incomplete, further delaying administration of the case. Third, this delay prejudices Deacon/DVM by preventing them from collecting the Deacon/DVM Debt for longer than can ordinarily be expected during the pendency of a bankruptcy case. For these reasons, the Court finds that there is cause to dismiss the case.

### 2. Failure to File Schedules

The U.S. Trustee argues that cause to dismiss the case exists because the Debtor failed to file schedules and a statement of financial affairs within fifteen days of the Petition Date without an extension. (Second Motion to Dismiss at 6.) As noted above, the U.S. Trustee also argues that the schedules that were filed contain discrepancies and errors. (Tiantian Declaration ¶¶ 8-10.)

The "[f]ailure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a) . . ." is another example of cause provided in Section 707(a) of the Bankruptcy Code. *See* 11 U.S.C. § 707(a)(3).[2] Section 521(a) requires the Debtor to file schedules of assets and liabilities and a statement of financial affairs, among other things. *See, e.g.*, *In re Pipelines of Puerto Rice, Inc.*, 2014 WL 2467578, at *3 (Bankr. D.P.R. May 29, 2014) (dismissing case for failure to file information required by Section 521(a)(1) of the Bankruptcy Code). However, "the filing of an incomplete schedule, in itself cannot automatically result in dismissal." *In re Price*, 211 B.R. 170, 172 (Bankr. M.D. Penn. 1997).

Here, the Debtor had not filed the information required by Section 521(a) as of the date the U.S. Trustee filed the Second Motion to Dismiss. (Second Motion to Dismiss at 6-7.) However, the Debtor subsequently filed this information (although the U.S. Trustee questions its accuracy). As the Second Motion to Dismiss can be resolved on other grounds, the Court declines to address whether this ground for dismissal exists under these facts.

---

[2] Section 707(a)(3) of the Bankruptcy Code provides that only the United States Trustee may move for dismissal under this subsection.

### 3. Bad Faith

The U.S. Trustee argues that cause to dismiss exists because the Debtor filed the petition in bad faith. (Second Motion to Dismiss at 7-10.) The Debtor argues that she filed for bankruptcy in good faith and only seeks relief from a judgment that she alleges was procured through false testimony. (*See* Objection.) "Bad faith" is not listed in Section 707(a) of the Bankruptcy Code, but, as mentioned above, the examples are not exhaustive. Although the Second Circuit has yet to sanction bad faith as a cause to dismiss, bankruptcy courts in this circuit routinely consider bad faith[3] as a cause to dismiss. *Aiello*, 428 B.R. at 301-04 (finding bad faith is a cause to dismiss but denying motion to dismiss based on bad faith); *see also In re Lombardo*, 370 B.R. 506, 510-11 (Bankr. E.D.N.Y. 2007) (granting motion to dismiss based on bad faith); *In re Grullon*, Case No. 13-11716, 2014 Bankr. LEXIS 2238, at *5-14, 2014 WL 2109924, at *2-4 (Bankr. S.D.N.Y. May 20, 2014) (analyzing factors and denying motion to dismiss based on bad faith). As the court in *Aiello* explained, "bankruptcy is a privilege and not a right and Chapter 7 is for the honest but unfortunate debtor who is seeking a fresh start, not a head start." *See Aiello*, 428 B.R. at 302 (internal quotation marks omitted) (quoting *Lombardo*, 370 B.R. at 511.

Numerous courts in the Second Circuit have used the following 14 factors set forth in *In re Lombardo* when determining whether there is bad faith under Section 707(a) of the Bankruptcy Code:

(1) the debtor's manipulations having the effect of frustrating one particular creditor;
(2) the absence of an attempt to pay creditors;
(3) the debtor's failure to make significant lifestyle changes;
(4) the debtor has sufficient resources to pay substantial portion of debts;
(5) the debtor inflates expenses to disguise financial well-being;

---

[3] "Bad faith" and "lack of good faith" are used interchangeably in the cases discussing these issues. *See, e.g.*, *In re Gutierrez*, 528 B.R. 1, 13 n.5 (D. Vt. 2014) ("In the case law addressing this issue, the courts use 'lack of good faith' and 'bad faith' interchangeably."); *Aiello*, 428 B.R. at 302 ("In *Lombardo*, Judge Eisenberg listed fourteen factors a court should consider when determining *bad faith or lack of good faith*." (emphasis added)).

(6) the debtor is overutilizing protections of the Bankruptcy Code to the conscious detriment of creditors;

(7) the debtor reduced his creditors to a single creditor in the months prior to the filing of the petition;

(8) the debtor filed in response to a judgment, pending litigation or collection action; there is an intent to avoid a large single debt;

(9) the unfairness of the use of Chapter 7;

(10) the debtor transferred assets;

(11) the debtor is paying debts to insiders;

(12) the debtor failed to make candid and full disclosure;

(13) the debts are modest in relation to assets and income; and

(14) there are multiple bankruptcy filings or other procedural "gymnastics."

*In re Gutierrez*, 528 B.R. 1, 14-26 (Bankr. D. Vt. 2014) (listing factors); *see also Lombardo*, 370 B.R. at 512; *Aiello*, 428 B.R. at 302 ("In *Lombardo*, Judge Eisenberg listed fourteen factors a court should consider when determining bad faith or lack of good faith."); *Grullon*, 2014 WL 2109924, at *4 ("The *Lombardo* Court listed fifteen[4] factors that have been used to determine when 'bad faith' is present . . . ."). "While the presence of one of these factors alone will not be sufficient to support a dismissal for cause, a finding of a combination of factors may suffice." *Lombardo*, 370 B.R. at 512.

The U.S. Trustee argues that first, sixth, eighth, and twelfth *Lombardo* factors are present in this case and that this is sufficient for the Court to find bad faith. (Second Motion to Dismiss at 8.) With respect to the first *Lombardo* factor, the Debtor's bankruptcy filing frustrated Deacon/DVM in particular: Deacon/DVM was in the process of collecting on the Deacon/DVM Debt when the Debtor filed this bankruptcy case, the day before a hearing on an order to show cause was to be held. (*Id.* ¶¶ 19-23.) Additionally, Judge Morris previously found the DVM/Deacon Debt to be nondischargeable. (*Id.* ¶¶ 11-17.) With respect to the sixth *Lombardo* factor, the Debtor is overutilizing bankruptcy protections by staying the collection of the

---

[4] The court in *Grullon* counts the eighth *Lombardo* factor (the debtor filed in response to a judgment, pending litigation or collection action; there is an intent to avoid a large single debt) as two separate factors to arrive at 15 factors.

10

Deacon/DVM Debt, which will not be discharged in bankruptcy based on Judge Morris' earlier

determination that the debt was not dischargeable. *See In re Paine*, 283 B.R. 33, 37 (B.A.P. 9th

Cir. 2002) ("In other words, once nondischargeable, always nondischargeable."). With respect to

the eighth *Lombardo* factor, the Debtor filed in response to collection efforts on the

Deacon/DVM Debt, which is over 30 times greater than the aggregate amount of all the other

debt disclosed in the Debtor's schedules. With respect to the twelfth *Lombardo* factor, as

discussed *supra*, the Debtor has failed to make candid and full disclosures by filing schedules

late and with incomplete and inaccurate information.

Weighing these factors, the Court finds that the U.S. Trustee has sufficiently

demonstrated by the preponderance of evidence that of the Debtor filed in bad faith. For this

reason, there is cause to dismiss the case.

**B.      Cause Exists to Bar Future Filings for 18 Months**

Having determined that the case should be dismissed, the Court will now turn to whether

such dismissal should be with prejudice to the Debtor's ability to refile. Dismissal of a

bankruptcy case is generally without prejudice, but courts have authority under Sections 105(a)

and 349(a) of the Bankruptcy Code to dismiss with prejudice, *i.e.* barring the debtor from re-

filing for a period of time. *See In re Casse*, 198 F.3d 327, 336-41 (2d Cir. 1999) (finding that

bankruptcy court had statutory authority to bar debtor from refiling); *In re Velez*, Case No. 23-

70362, 2023 WL 2879285, at *4 (Bankr. E.D.N.Y. Apr. 10, 2023) ("Both the Second Circuit and

the Eastern District of New York have discussed the court's authority to dismiss a bankruptcy

case with prejudice to refiling."). A court may dismiss a case with prejudice where this is

"cause" to do so. 11 U.S.C. § 349 ("Unless the court, *for cause, orders otherwise*, . . . the

dismissal of a case under this title [does not] prejudice the debtor with regard to the filing of a

subsequent petition under this title . . . ." (emphasis added)). "Whether to dismiss a case with

11

prejudice is committed to the sound discretion of the court." *In re Velez*, 2023 WL 2879285, at

*4. Courts will generally only dismiss a bankruptcy case with prejudice where there is evidence

of "egregious conduct on the part of the debtor demonstrating bad faith." *In re Ventura*, 375 B.R.

103, 109 (Bankr. E.D.N.Y. 2007). Such egregious conduct has been found where the debtor files

a series of bankruptcy petitions to thwart a creditor from foreclosing on collateral. *See Ventura*,

375 B.R. at 109 (collecting cases); *see, e.g.*, *In re D&G Construction Dean Gonzalez, LLC*, 635

B.R. 232, 240 (Bankr. E.D.N.Y. 2021) (three-year bar for successive filings that were intended to

"delay the lawful exercise of state law rights and attack final orders of other courts"); *In re

Tornheim*, 239 B.R. 677, 686-87 (Bankr. E.D.N.Y. 1999) (two-year bar for bad faith filing in

which debtor abused bankruptcy process, gave dubious testimony, and did not comply with court

orders); *In re Montalvo*, 416 B.R. 381, 388-89 (Bankr. E.D.N.Y. 2009) (one-year bar for debtor

whose filing was intended to delay, hinder, and defraud creditor).

The U.S. Trustee argues cause exists to bar the Debtor from refiling for 18 months, as

otherwise the Debtor is likely to immediately refile. (Second Motion to Dismiss at 10-11.) The

Debtor is a repeat filer and appears to have filed this case in bad faith to thwart Deacon/DVM's

attempts to collect on their debt. The Debtor's bad faith conduct during the pendency of the case

consists of missing 341 Meetings, filing schedules late, providing inaccurate and incomplete

information, and attempting to challenge final orders of other courts. Therefore, the Court finds

that there is cause to dismiss with prejudice. Considering the length of time courts have barred

debtors from refiling in other case with similar facts, the Court also finds that the 18-month

period requested by the U.S. Trustee is an appropriate amount of time to bar refiling.

## V.    CONCLUSION

For the reasons set forth above, the Court finds that (i) cause exists to dismiss the case;

and (ii) cause exists to dismiss the case with prejudice to the Debtor's ability to refile for 18

months. Accordingly, the Court **GRANTS** the Second Motion to Dismiss. The U.S. Trustee shall

submit an order consistent with this opinion.


Dated:     July 07, 2023
           New York, New York

                                        /S/ John P. Mastando III
                                        HONORABLE JOHN P. MASTANDO III
                                        UNITED STATES BANKRUPTCY JUDGE